## Case No. 7,299.

### JESSUP v. ATLANTIC & G. R. CO.

### KELLY et al. v. SAME.

[3 Woods, 441.] [1]

Circuit Court, S. D. Georgia.   April Term, 1879.

Geo. A. Mercer, Wm. Garrard, H. B. Tompkins. T. M. Norwood. H. C. Cunningham. R. R. Richards, J. R. Saussy, A. P. Adams. S. B. Adams, Collier & Charlton, and Kingsbury & Hammond, for petitioners.

---

[1] [Reported by Hon. Samuel Blatchford. Circuit Judge, and here reprinted by permission.]
[2] [Reported by Robert D. Benedict. Esq.. and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

W. S. Chisholm and Robert Falligant. for trustees.

H. R. Jackson. A. R. Lawton. and W. S. Basinger, for receivers.

BRADLEY. Circuit Justice. The trust-deeds in this case authorize the trustees, when default is made in the payment of interest on the bonds secured thereby, to enter upon and take possession of the mortgaged property, consisting of the railroad. built or to be built. with all its appurtenances and equipments, and machinery connected therewith. and to operate the same. and receive all tolls. income and profits thereof, for the benefit of the bondholders. after deducting all proper expenses; and. in due time, and after proper notice. to sell the road and property. The laws of Georgia give no liens upon mortgaged property superior to the mortgage lien, except for the taxes due on the property and to laborers. mechanics and material men who take the proper steps to protect their liens. We think that we should follow the law and practice of the state in this respect. But in requiring the liens to be perfected. we do not mean that the parties should have taken any judicial steps in order to enforce their liens: but that they should have performed those preliminary requirements which entitle them to a judicial enforcement of the liens. If the statute requires the lien to be recorded. that should have been done in the time required by law. If it requires an oath to be taken verifying the lien, that should have been done within the time required. Having done this. then application to this court may stand in lieu of proceedings in the county courts or otherwise. We think, also, that the claims for moneys received by the Atlantic & Gulf Railroad Company on through fares and freight, for which it may have been accountable. in part, to connecting lines. are nothing more than open accounts. which stand on the same footing as other unsecured debts of the company.

A general clause may be inserted in the decree declarative of the views which we have expressed. and the liquidation and ascertainment of the claims themselves which. according to our views. are entitled to a lien. may be reserved for further order upon the foot of the decree now to be made. In drawing the decree the directions for a sale of the property should provide for payment into court of a sufficient sum to meet the liens that are prior to the mortgages. and to defray all expenses and charges of litigation. The counsel in the cause will be able to approximate the amount required for this purpose. If the amount specified should be insufficient. the deficiency would have to be made up by the purchasers of the road in case they are allowed to pay their bids in bonds of the company. The bonds can remain uncanceled until the matter is determined.